IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRUCE STOCKWELL,                                    No.  3:13-cv-01220-HZ

                Plaintiff,                              OPINION & ORDER

     v.

CAROLYN COLVIN, Commissioner,
Social Security Administration,

                Defendant.

Steven J. Munson
H. Peter Evans PC
610 SW Broadway, Suite 405
Portland, OR 97204

        Attorney for Plaintiff

Adrian L. Brown
Ronald K. Silver
U.S. Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

Jordan D. Goddard
Social Security Administration
Office of the General Counsel
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104-7075

     Attorneys for Defendant

HERNÁNDEZ, District Judge:

     Plaintiff Bruce Stockwell brings this action for judicial review of the Commissioner's final decision denying his application for Disability Insurance Benefits under Title II of the Social Security Act. I have jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). For the following reasons, I affirm the Commissioner's decision.

## BACKGROUND

     Plaintiff was born in 1957 and was 51 years old at the alleged onset of disability on January 1, 2009. Tr. 129. He completed the 11th grade, Tr. 138, and reports past work as a restaurant owner, Tr. 135. Plaintiff alleged disability due to arthritis and chronic pain. Tr. 134. The Commissioner denied his application initially and upon reconsideration. Tr. 71–72. An Administrative Law Judge ("ALJ") held a hearing on January 26, 2012. Tr. 36. The ALJ found Plaintiff not disabled on March 15, 2012. Tr. 18. The Appeals Council declined review of the matter on May 20, 2013, making the ALJ's decision the final decision of the Commissioner. Tr. 1–3.

## SEQUENTIAL DISABILITY ANALYSIS

     A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which…has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

     Disability claims are evaluated according to a five-step procedure. See Valentine v.

Comm'r, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability).  The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity."  If so, the claimant is not disabled.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b).  In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments."  Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c).  If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity."  Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d).  If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four.  Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work."  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant can return to past relevant work, the claimant is not disabled.  If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f).  If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled.  20 C.F.R. §§ 404.1566, 416.966.

THE ALJ'S DECISION

The ALJ found Plaintiff's degenerative disc disease of the spine, osteoarthritis of the feet, and "alcohol and cannabis abuse vs. dependence, claimed early, partial remission" severe at step two in the sequential proceedings.  Tr. 23.  At step three, the ALJ found that the impairments, singly or in combination, did not meet or equal the requirements of any listed impairment.  Tr. 23–24.  The ALJ assessed Plaintiff's RFC and concluded that he could perform "medium work…[with] no more than occasional climbing;…avoid concentrated exposure to hazards in the workplace;…engage in no more than occasional public contact; and…engage in no frequent overhead work."  Tr. 24.  At step four, the ALJ found that Plaintiff could not perform his past relevant work as a tavern manager.  Tr. 27.  The ALJ found there were jobs existing in the national economy in sufficient numbers that Plaintiff could have performed, such as purchasing agent, recycler/reclaimer, and hand packager.  Tr. 28.  The ALJ therefore found Plaintiff not disabled under the Commissioner's regulations.  Id.

STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards; and the findings are supported by substantial evidence in the record.  42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence" means "more than a mere scintilla, but less than a preponderance."  Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.

This court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d

715, 720 (9th Cir. 1998)).  The reviewing court may not substitute its judgment for that of the

Commissioner.  Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); see

also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).  Variable interpretations of the

evidence are insignificant if the Commissioner's interpretation is a rational reading.  Id.; see also

Batson, 359 F.3d at 1193.  However, this court cannot now rely upon reasoning the ALJ did not

assert in affirming the ALJ's findings.  Bray, 554 F.3d at 1225–26 (citing SEC v. Chenery Corp.,

332 U.S. 194, 196 (1947)); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)

(citing same).

DISCUSSION

Plaintiff argues that the ALJ erred by (1) finding Plaintiff not fully credible, (2) rejecting

the opinion of treating physicians, (3) rejecting Plaintiff's PTSD as a severe impairment at step

2, and (4) failing to craft a proper RFC.

I.      Plaintiff's Credibility

The ALJ must consider all symptoms and pain which "can be reasonably accepted as

consistent with the objective medical evidence, and other evidence."  20 C.F.R. § 404.1529(a).

Once a claimant shows an underlying impairment which may "reasonably be expected to

produce pain or other symptoms alleged," absent a finding of malingering, the ALJ must provide

"clear and convincing" reasons for finding a claimant not credible.  Lingenfelter, 504 F.3d at

1036 (citing Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996)).

The ALJ's credibility findings must be "sufficiently specific to permit the reviewing

court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony."  Orteza v.

Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (citing Bunnell v. Sullivan, 947 F.2d 341, 345–46 (9th

Cir. 1991) (en banc)).  The ALJ may consider objective medical evidence and the claimant's

treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. Smolen, 80 F.3d at 1284. The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. Id. The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." Robbins, 466 F.3d at 883; see also Bunnell, 947 F.2d at 346–47.

As factors in his credibility determination, the ALJ relied on Plaintiff's inconsistent statement about why he stopped working, a doctor's opinion that Plaintiff exaggerated his subjective complaints, and a Cooperative Disability Investigations Unit (CDIU) report. Tr. 25–26.

A.     Inconsistent Statement

The ALJ found that Plaintiff gave inconsistent reasons for stopping work and relied upon this inconsistency to reject Plaintiff's symptom testimony. Tr. 25. The ALJ may cite such statements in assessing a claimant's testimony. Smolen, 80 F.3d at 1284.

Plaintiff owned and managed a tavern for 20 years. Tr. 140. He reported that he turned the business over to his wife and stopped working because he could not walk or perform the job any longer. Tr. 134. However, information from the Oregon State Lottery shows that the Lottery began the process of terminating its contract with Plaintiff's tavern on August 10, 2009. Tr. 147. The Lottery entered into a new contract with Plaintiff's wife, provided that Plaintiff did not participate in any aspect of the tavern business. Tr. 147–48. Plaintiff applied for disability benefits less than two weeks later on August 20, 2009. Tr. 111. At the hearing, Plaintiff testified that he turned over the business to his wife because he was unable to run the tavern. Tr. 51.

6 - OPINION & ORDER

When the ALJ asked about the requirement in the new Lottery contract that Plaintiff could not work at the tavern, Plaintiff confirmed that was true. Tr. 52. The ALJ's finding that Plaintiff made inconsistent statement regarding the reason he stopped working is supported by substantial evidence.

B.    Malingering

The ALJ referenced Dr. Karen Bates-Smith's opinion in finding Plaintiff not credible. Tr. 25. Dr. Bates-Smith made the following observations during a psychological evaluation on December 9, 2009:

- Plaintiff walked with a cane, but did not appear to lean on it.
- Plaintiff rated his pain level as 8 out of 10, but Plaintiff smiled broadly and frequently.
- Plaintiff told stories that were "beyond belief" and under-reported his alcohol use.

Tr. 389. Dr. Bates-Smith concluded that Plaintiff's credibility was "mixed" because of the incredible stories that he told her, his inconsistent report of alcohol use, and his affect did not match his report of PTSD or pain rating. Tr. 392. The ALJ's interpretation of Dr. Bates-Smith's report is a rational reading of the evidence and further supports the ALJ's credibility assessment.

C.    CDUI Report

The ALJ also relied upon a CDUI report to find Plaintiff not credible. Tr. 26. Two investigators went to visit Plaintiff. Tr. 189. The investigators observed that Plaintiff did not use a cane, but used walls for balance because he was intoxicated. Id. The investigators noted that Plaintiff's wife would shake her head any time Plaintiff made an exaggerated statement. Tr. 190. One of the investigators approached Plaintiff's wife and asked if any of Plaintiff's statements were accurate. Tr. 191. Plaintiff's wife stated that her husband was an alcoholic, that he drank a fifth to half a gallon of vodka a day, and that his stories were inaccurate. Id. The ALJ

found the CDUI report persuasive in making his credibility determination. I find no error in the ALJ's reliance on the CDUI report.

D.      Credibility Conclusion

Based on the Plaintiff's inconsistent statement about his reason for stopping work, evidence of malingering, and the CDUI report, the ALJ's finding that Plaintiff is only partially credible as to the severity of his symptoms is supported by substantial evidence. Plaintiff argues that the ALJ erred in his assessment of Plaintiff's credibility because he relied on evidence during a time when Plaintiff had a substance abuse problem. Pl.'s Br. 10. In other words, by the time of the hearing, Plaintiff had become sober and the ALJ should have based his assessment of Plaintiff's credibility from the hearing testimony alone. There is no evidence that Plaintiff's credibility depended on Plaintiff's sobriety. The ALJ's credibility finding is affirmed.

II.     Rejection of Treating Physicians' Opinion

Plaintiff argues that the ALJ improperly rejected the opinions of Dr. James Borden and Dr. James Farley. Pl.'s Br. 7. Generally, social security law recognizes three types of physicians: (1) treating, (2) examining, and (3) nonexamining. Holohan v. Massanari, 246 F.3d 1195, 1201–02 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). More weight is given to the opinion of a treating physician than to the opinions of those who do not actually treat the claimant. Id.; 20 C.F.R. §§ 1527(d)(1)–(2), 416.927(d)(1)–(2).

If the treating physician's medical opinion is supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007); Holohan, 246 F.3d at 1202. If a treating physician's opinion is not given controlling weight, the ALJ must articulate the relevant weight to be given to the opinion under the factors

provided for in 20 C.F.R. §§ 1527(d)(2), 416.927(d)(2).  Orn, 495 F.3d at 631.  If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by "providing specific and legitimate reasons that are supported by substantial evidence." Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted).  "To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." Id. (citation omitted).  A discrepancy between a doctor's chart notes, recorded observations, and opinions, and an assessment of a claimant's abilities, is a clear and convincing reason to reject the doctor's assessment.  Id.

The ALJ gave little weight to Dr. Borden's diagnoses of PTSD and schizophrenia and Dr. Farley's diagnosis of PTSD.  Tr. 25.  The ALJ gave greater weight to Dr. Bates-Smith's opinion, which expressly ruled out PTSD or a cognitive disorder.  Tr. 391.  Because Dr. Borden and Dr. Farley's opinions are contradicted, the ALJ need only provide specific and legitimate reasons for rejecting the treating physicians' opinions.[1]  Here, the ALJ provided ample reasons for rejecting Dr. Borden and Dr. Farley's opinions.

The ALJ described Dr. Borden's diagnoses of PTSD and schizophrenia as "speculative." Tr. 25.  A review of Dr. Borden's treatment notes shows that he never formally diagnosed Plaintiff with these impairments.  Tr. 511 (Plaintiff "talked about" PTSD); Tr. 510 (Plaintiff's stories "makes me think he is schizophrenic…[n]ot sure if that's been formally [diagnosed]"); Tr. 509 (Plaintiff "[b]rought in a huge file, filled with arcane that goes to his [PTSD], which I think is full blown schizophrenia.").  In fact, Dr. Borden notes that he has permission to speak with Plaintiff's psychiatrist to "get his opinion" about whether Plaintiff has PTSD or schizophrenia.  Tr. 509.  Regarding Dr. Farley, the ALJ rejected his opinion that Plaintiff might

---

[1] Plaintiff incorrectly argues that the ALJ must provide clear and convincing reasons for rejecting Dr. Borden and Dr. Farley's opinions.  Pl.'s Br. 8.

have PTSD because his opinion was based entirely on Plaintiff's subjective reports and without

any evidence of testing.  Tr. 25.  Plaintiff admitted at the hearing that he had self-diagnosed

himself with PTSD after reading a pamphlet at a hospital.  Tr. 61–62.

Plaintiff provides no specific argument or evidence to challenge the ALJ's reasons for

giving little weight to Dr. Borden and Dr. Farley's opinions.  I find that the ALJ gave sufficient

specific and legitimate reasons for giving little weight to the opinions of Dr. Borden and Dr.

Farley.

III.    Step Two – Severe Impairments

Plaintiff argues that the ALJ failed to find his PTSD severe at step two of the sequential

analysis.  Pl.'s Br. 12.  The step two inquiry is the *de minimis* screening device used to dispose of

groundless claims.  <u>Smolen</u>, 80 F.3d at 1290.  At step two, a plaintiff must present evidence of an

impairment or impairments which are so severe that it "significantly limits [a plaintiff's] physical

and mental ability to do basic work activities."  20 C.F.R. § 416.920(c).  "The severity regulation

increases the efficiency and reliability of the evaluation process by identifying at an early stage

those claimants whose medical impairments are so slight that it is unlikely that they would be

found disabled even if their age, education, and experience were not taken into account."

<u>Yuckert</u>, 482 U.S. at 153.  Where the plaintiff meets the *de minimis* threshold, the ALJ continues

with the sequential analysis, considering the effect of all of the plaintiff's impairments, whether

severe or non-severe.  SSR 96-8p, 1996 SSR LEXIS 5 at *14-15.  Therefore, reversible error

occurs only when a severe impairment excluded at step two caused additional functional

limitations not accounted for in the RFC assessment.  <u>Lewis v. Astrue</u>, 498 F. 3d 909, 911 (9th

Cir. 2007).

In this case, step two of the sequential analysis was resolved in Plaintiff's favor, as the ALJ continued to subsequent steps. Thus, any error in neglecting to mention Plaintiff's PTSD was harmless, so long as all of his impairments were considered in the RFC. Id. Plaintiff does not identify physical limitations due to his PTSD that were omitted from the RFC. Therefore, any error at step two was harmless.

IV.    RFC

Plaintiff argues that in crafting the RFC, the ALJ did not "assess sustained work activity for 8 hours a day, 5 days a week" or "discuss" Plaintiff's abilities on a "regular and continuing basis" in violation of SSR 96-8p. Pl.'s Br. 12.

"Ordinarily, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR No. 96-8p, 1996 SSR LEXIS 5 (SSR 1996). When the ALJ assessed Plaintiff's RFC, the ALJ understood that the RFC outlined Plaintiff's "ability to do physical and mental work activities on a *sustained basis*[.]" Tr. 22 (emphasis added). Plaintiff does not cite to any portion of the ALJ's opinion to show the ALJ did not follow SSR 96-8p. Plaintiff's RFC included all limitations that were supported by the record. I find that the ALJ did not err in assessing Plaintiff's RFC.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

11 - OPINION & ORDER

CONCLUSION

Based on the foregoing, the Commissioner's decision is affirmed.

IT IS SO ORDERED.


Dated this _____ day of November, 2014                                    .



MARCO A. HERNÁNDEZ
United States District Judge